THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BERNARD
ALLEN PREWITT,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Civil Action No.
13-CV-12336

HON. MARK A. GOLDSMITH

**ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED AUGUST 8, 2014 (DKT. 15), (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 14), (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 11), AND (4) REMANDING FOR FURTHER CONSIDERATION**

      Before the Court is Magistrate Judge Charles E. Binder's Report and Recommendation ("R&R"), issued on August 8, 2014 (Dkt. 15).  In his R&R, the Magistrate Judge concludes that the Administrative Law Judge's decision is not supported by substantial evidence.  R&R at 22.  Therefore, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment (Dkt. 14) be denied, Plaintiff's Motion for Summary Judgment (Dkt. 11) be granted, and the case be remanded to the Commissioner for additional proceedings consistent with the R&R. Id.

      The parties have not filed objections to the R&R, and the time to do so has expired.  See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation. Accordingly, Defendant's Motion for Summary Judgment (Dkt. 14) is denied, Plaintiff's Motion for Summary Judgment (Dkt. 11) is granted, and the case is remanded for further proceedings consistent with the Magistrate Judge's R&R, pursuant to 42 U.S.C. § 405(g), sentence four.

SO ORDERED.

Dated: September 17, 2014.
Detroit, Michigan

s:\Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER